```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHRISTOPHER FRUCCI,<br><br>       Plaintiff<br>  v.<br><br>CITY OF CAMDEN, et al.,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>Civil No. 09-6288 (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

ALTERMAN & ASSOCIATES, LLC
By:  Stuart J. Alterman, Esq.
8 South Maple Ave.
Marlton, NJ 08053
    Counsel for Plaintiff

WEIR & PARTNERS LLP
By:  John C. Eastlack, Jr., Esq.
The Liberty View Building
457 Haddonfield Road, Suite 310
Cherry Hill, NJ 08002
    Counsel for City of Camden, Camden City Police Department, Theodore Davis, Gwendolyn Faison, Scott Thompson, Edward Hargis, Louis Vegas

RALPH RAYMOND KRAMER, ESQ.
605 White Horse Pike
Haddon Heights, NJ 08035
    Counsel for Mario Ortiz

**IRENAS**, Senior District Judge:

**I.**

Plaintiff Christopher Frucci initiated this action against several defendants affiliated with the State of New Jersey, the City of Camden, and the Camden City Police Department. Plaintiff, a Camden City Police Officer, alleges that his state

and federal constitutional rights were violated when he was fired from the police force for leaving work early on several occasions. (Compl. ¶ 3.7.) Plaintiff seeks relief under 42 U.S.C. §§ 1983 and 1988, the New Jersey Constitution, and N.J.S.A. 40A:14-118, the Police Chief's Responsibility Act.

At some point, Plaintiff initiated administrative proceedings against Defendants based on the alleged wrongful termination. On April 4, 2011, Plaintiff asked the Court to stay the instant matter pending resolution of the administrative proceeding. (Pl.'s Ltr., April 4, 2011, Dkt. No. 28.) In an Order dated October 24, 2011, the Court administratively terminated the instant case, but allowed Plaintiff to move to reopen the case within sixty of the resolution of Plaintiff's administrative proceeding.

Plaintiff's administrative proceeding was resolved on February 11, 2013 when the Appellate Division of the Superior Court of New Jersey entered an order affirming the decision of the Merit Systems Board in Plaintiff's favor. Plaintiff was reinstated and Defendants were ordered to provide backpay and counsel fees.

On June 21, 2013, Plaintiff filed the instant Motion for Relief from the 10/24/11 Order (the "Motion for Relief"). Specifically, Plaintiff asks the Court to excuse the sixty day

deadline within which Plaintiff was allowed to move to reopen.[1] Plaintiff's Motion for Relief was filed 134 days after the resolution of his administrative proceeding, meaning his Motion for Relief was filed seventy-four days after the Court imposed sixty day deadline.

Plaintiff's counsel, Stuart Alterman, explains that the reason why a motion to reopen was not filed within the sixty day time period is that there was a miscommunication between Plaintiff and his former counsel, Christopher Gray, wherein Mr. Gray thought Plaintiff did not want to reopen the matter.  Then, Mr. Gray "abruptly left" the firm he had been working at, and no one remaining at the firm was aware Plaintiff sought to reopen. The date on which Mr. Gray left the law firm of Alterman & Associates is April 29, 2011.

**II.**

Fed. R. Civ. P. 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  However, "relief under Rule 60(b) is extraordinary, and may only be invoked upon a showing of exceptional

---

[1] Given that Plaintiff was successful in his administrative proceedings, the Court is unsure what further recovery Plaintiff is attempting to receive from this Court.

circumstances." *U.S. v. Tuerk*, 317 Fed. Appx. 251, 253 (3d Cir. 2009) (internal citations and quotations omitted). "The existence of excusable neglect turns on all relevant circumstances, including the danger of prejudice to the [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Id* (internal citations and quotations omitted).

In the instant case, Plaintiff has clearly failed to show that there were any "exceptional circumstances" which entitle him to relief from the Court imposed sixty day period for moving to reopen. Plaintiff argues that relief is warranted based on the vague assertion that there was an "apparent[]" miscommunication between Plaintiff and his prior counsel. (Pl.'s Br. in Supp., at 2.) Interestingly, nowhere in Plaintiff's materials does either of the people involved in this miscommunication provide any details as to what was said, by whom, and when. Instead, Mr. Alterman details his own, separate conversations with Plaintiff and Mr. Wright in February and June, and appears to infer that there was a miscommunication. This explanation does not give the Court any reason to believe there ever was a miscommunication, as opposed to Plaintiff simply changing his mind at some point between February and June. Further, that Mr. Gray left Alterman

4

& Associates on April 29 is irrelevant, as Plaintiff's sixty day window would have expired on April 11.  Allowing relief on so flimsy an account of a miscommunication would elevate virtually any excuse into the "exceptional circumstances" required to qualify for relief under Rule 60(b).

### III.

For the foregoing reasons, Plaintiff's Motion for Relief is hereby denied.  An appropriate Order will accompany this Opinion.

Dated: August   29  , 2013          s/Joseph E. Irenas          
                                   **Joseph E. Irenas, S.U.S.D.J.**